UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESUS VEGA, et al.,

       Plaintiff,

  -v-                                          17-CV-6643L
                                                ORDER

OFFICER ALLEN, et al.,

       Defendants.
_____

*Pro se* Plaintiff Jesus Vega is an inmate currently confined at the Attica Correctional Facility. He filed this action seeking relief pursuant to 42 U.S.C. § 1983, alleging that Defendant Officer Allen violated his constitutional rights by failing to protect him while he was attacked by another inmate, during his prior confinement at the Wende Correctional Facility ("Wende"). Docket No. 1. The Court previously had dismissed the Complaint without prejudice for failure to state a claim upon which relief can be granted and granted Plaintiff leave to file an Amended Complaint. Docket No. 12.

As directed, Plaintiff timely filed an Amended Complaint. Docket No. 13. Plaintiff also moves for the appointment of counsel. Docket Nos. 3, 4. For the reasons discussed below, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and Plaintiff's motions to appoint counsel are denied as moot.

**DISCUSSION**

I.  **Legal Standard**

   **A. Sections 1915 and 1915A**

   Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

   **B. Section 1983**

   To state a valid claim under 42 U.S.C. § 1983, the Plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

II.  **Plaintiff's Allegations**

   Plaintiff alleges in the Amended Complaint that on April 19, 2018, he was playing cards in the basement of Wende when an inmate "came from behind and stab[bed] [him] in the right eye." Docket No. 13, p.6. He alleges that a correction officer, Defendant

Allen, was present but did "nothing to protect" him. *Id.* He further alleges that "[he] has a witness that was there--Inmate Steven Jimenez.[1]" *Id.*

III. <u>**Constitutional Claim**</u>

The Court construes Plaintiff's allegations as asserting an Eighth Amendment cruel and unusual punishment claim based on Defendant's failure to protect him or intervene during the attack by the other inmate. "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. N.Y. City Dep't of Corr.,* 84 F.3d 614, 620 (2d Cir. 1996). However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice. *Id.*

Although the failure to intervene in an isolated incident of attack, by itself, does not state a basis for liability, the allegation that an officer did nothing to stop an attack can state a claim under § 1983 if accompanied by allegations of the officer's deliberate indifference to the consequences of his conduct. *See Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir. 1974) ("[O]ther than the mere claim that [the prison official] had an opportunity to protect [plaintiff], the complaint is devoid of factual allegations of aggravating circumstances to support a claim of deliberate indifference on the part of [the official] which might rise to the l[e]vel of a constitutional violation."); *Rosen v. City of New York*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) ("In the context of a failure to intervene claim,

---

[1] Plaintiff has named the witness, inmate Steven Jimenez, as a plaintiff in this action. However, a "*pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (citing 28 U.S.C. § 1654; *see also Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009). A pro se litigant cannot represent the legal interests of another individual without being authorized to practice law. Accordingly, the Clerk of Court will be directed to terminate Jimenez as a party to this action.

3

an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene.") (internal quotation marks omitted).

An actionable failure to intervene claim is asserted where it is alleged:

(1) that the officer observed or had reason to know that the Plaintiff was involved in a physical altercation with another inmate;

(2) that the officer had a reasonable opportunity to intervene to prevent the attack from continuing. A reasonable opportunity to intervene means that the attack must have been of sufficient duration that an officer present at the scene would have had a reasonable opportunity to attempt to prevent the attack from continuing. However, in circumstances where a corrections officer reasonably concludes that further intervention would threaten the health and safety of all concerned, including correctional staff, his failure to intervene is not a constitutional violation;

(3) that in failing to intervene the officer was deliberately indifferent to a substantial risk of harm to Plaintiff; and

(4) that the officer's deliberate indifference to a substantial risk of harm was a risk that caused Plaintiff some harm. In order to show sufficient harm to constitute a constitutional violation, Plaintiff need not prove that he suffered a serious physical injury, but only that he suffered some injury beyond a most minor one.

*Rosen*, 667 F. Supp. 2d at 360 (alterations omitted) (quoting *Williams v. Russo*, No. 01-CV-6401, 2009 WL 185758, at *4 (W.D.N.Y. Jan. 26, 2009).

In the Amended Complaint, Plaintiff has simply repeated the allegations of the initial Complaint, which had been found to fall short of alleging an Eighth Amendment claim. Plaintiff's claim in this case is based on only his allegation that Defendant Allen failed to protect him when another inmate attacked him. There is no allegation that the Defendant had knowledge that Plaintiff faced a substantial risk of serious harm at the hands of another inmate prior to the assault, *see, e.g.*, *Robinson v. U.S. Bureau of Prisons*, 244 F. Supp. 2d 57, 64 (N.D.N.Y. 2003) (finding the allegation that one

4

corrections officer supervised inmates with "violent proclivities, without more, is an insufficient basis" to conclude that defendants were aware of an excessive risk to attacked inmate's safety), nor does Plaintiff allege a history of similar incidents or that Defendant stood by and let the attacker injure Williams further, *Williams,* 508 F.2d at 546. There is no basis to conclude that Defendant had reason to know that Plaintiff faced a substantial risk of harm and was deliberately indifferent to such a risk. Plaintiff's allegations are insufficient to support an Eighth Amendment claim and, therefore, the Amended Complaint must be dismissed with prejudice for failure to state a claim on which relief may be granted.

## **ORDER**

IT HEREBY IS ORDERED, that the Clerk of Court is directed to terminate Steven Jimenez as a party to this action;

FURTHER, that the Amended Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted and the Clerk of Court is directed to close this case as dismissed with prejudice;

FURTHER, that Plaintiff's motions to appoint counsel are denied as moot;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on

motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 12, 2018.